**M.S., a minor, BY AND THROUGH her Guardian Ad Litem Peggy SARTIN, Plaintiff-Appellee,**

v.

**LAKE ELSINORE UNIFIED SCHOOL DISTRICT, a Local Education Agency, Defendant-Appellant.**

**No. 15-56283**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted February 6, 2017 Pasadena, California

Filed February 23, 2017

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**544**

Tania L. Whiteleather, Attorney, Law Offices of Tania . L. Whiteleather, Lakewood, CA, for Plaintiff-Appellee

Jonathan Patrick Read, Esquire, Attorney, Fagen Friedman and Fulfrost, LLP, San Marcos, CA, Tiffany Marie Santos, Esquire, Attorney, Fagen Friedman & Fulfrost, Carlsbad, CA, Cynthia Denice Vargas, Esquire, Fagen Friedman & Fulfrost, Riverside, CA, for Defendant-Appellant

Before: KLEINFELD, IKUTA, and NGUYEN, Circuit Judges.

## MEMORANDUM *

Lake Elsinore Unified School District (Lake Elsinore) appeals the district court's order granting reimbursement to M.S. under the Individuals with Disabilities Education Act (IDEA). *See* 20 U.S.C. §§ 1400–1419. The district court had jurisdiction under 20 U.S.C. § 1415(i)(2)(A). We have jurisdiction under 28 U.S.C. § 1291.

Lake Elsinore had no duty under 20 U.S.C. § 1414(a)(2) to conduct a reevaluation of M.S. because the local educational agency did not determine that reevaluation was necessary, M.S.'s parents did not request a reevaluation (as M.S. concedes), M.S.'s teacher did not request a reevaluation, and fewer than three years had elapsed since Dr. Patterson's evaluation. Accordingly, the district court erred in holding that Lake Elsinore had a duty to reevaluate M.S. and procedurally violated the IDEA by failing to do so.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The district court erred in holding sua sponte that Lake Elsinore violated the IDEA by holding an individualized education program meeting without M.S.'s parents, because M.S. failed to exhaust this claim at the administrative level. *Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 871 (9th Cir. 2011), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc); *J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist.*, 626 F.3d 431, 451 (9th Cir. 2010), *aff'g and adopting by reference*, 611 F.Supp.2d 1097 (E.D. Cal. 2009).

Because M.S. failed to establish that Lake Elsinore violated the IDEA, M.S.'s parents are not entitled to reimbursement. *See Florence Cty. Sch. Dist. Four v. Carter*, 510 U.S. 7, 15, 114 S.Ct. 361, 126 L.Ed.2d 284 (1993).

**REVERSED.**